Good morning, Your Honor. Bob Nichols, I represent Ms. Jones. I'd like to reserve five or six minutes for rebuttal, if I could. And may I start with the appellate attorney's fee order? You may serve with whatever you'd like. Thank you. With respect to the appellate fees, Your Honor, and triviality in procedural matters, if Ms. Jones had been up here before on a discovery matter or a motion in limine or perhaps a motion to remove counsel, I think that would be trivial or procedural. However, this involved mootness, it involved administrative exhaustion, and it involved Let me try to separate this for a second. Sir? Let me try to separate this for one minute. You're talking about the Ninth Circuit remand and reversal of the district court's decision. Yes, sir. And pursuant to that appeal, you raised, I think, four issues. Yes, sir. The court remanded on two of them, one being the attorney's fees. Yes, sir. And following that, the district court awarded $191,000. Yes, sir. In attorney's fees. All right. Now, you are suggesting or requesting that you receive attorney's fees incurred in connection with obtaining this Court's order remanding. I'm sorry, sir. I have my hearing exam, but I'm having trouble hearing you. You are requesting that you receive attorney's fees in connection with this Court's order of remand, pursuant to which there were four issues, two of which you prevailed on and two of which you didn't, right? One of the four was the attorney's fees. Yes, sir. Well, I prevailed on three, Your Honor, mootness and administrative exhaustion. All right. Well, anyway, in part you prevailed, in part you didn't. Yes, sir. Okay. The part relating to attorney's fees, you then went to the district court and received $191,000. Yes, sir. Part involves whether you should have a remand to the carrier or the other. Yes, sir. Okay. Now, what you want is for the district court to reconsider its denial of attorney's fees in connection with that work that you performed obtaining the remand, right? Is that right? I'm not asking for any fees for any time on remand, Your Honor. You're not asking for the work done in connection with obtaining the remand order? Yes, sir. The remand order. Okay. That's what I said. So under your theory, shouldn't we remand to the district court to ask them to fix fees for the part of the work on which you succeeded? For the appellate work, Your Honor? Yes. Well, I think it's Rule 39-1 says that if you file an attorney fee application in the Ninth Circuit and you don't request a transfer down, then the Ninth Circuit appoints a commissioner. But, Your Honor, the district court denied all of my appellate fees. The first time. Oh, all of your appellate fees, yes. All of my time I spent on the first appeal, the Marist appeal. Right. And that's what you do? He denied it out of hand. So I'm here on that as well as district court fees. There were two orders, essentially. All right. So you want the appellate attorney fees for the part of the appeal on which you succeeded, right? Yes, sir. Okay. And I also have argued that on the district court fees for the preappellate time, the Court cut my time in manners that it should not have cut. All right. That's a separate issue. Okay. And essentially, as I say, these are substantial substantive matters involving about over $200,000 in offset that we got remanded to the district court, and then the attorney's fees, and mootness and administrative exhaustion, I think, are substantial issues. There are about five cases that allow appellate attorney's fees in such circumstances. The Manalik case, which I cited in the brief, the plaintiff won, lost on all issues and then won, then was remanded back to the district court. There had been no resolution of the issue in the district court as of the time of the attorney's fees appeal. He was awarded attorney's fees. In Pannerbecker, the Court remanded back to the district court with instructions to remand to the claims administrator, and the plaintiff lost, lost all issues. The district court upheld the claims administrator's upholding its original termination, and the Court gave fees through the appeal, through the remand, through the end of the second valid administrative procedure. In Smith, there was an appeal and a remand. The plaintiff lost on five issues in the district court. He won on one here. It went back to the district court. And he settled that one issue for $4,100. The Court awarded fees on all issues. And it specifically said you're entitled to fees on all issues. But really, it's a matter of we afford considerable discretion to the district courts. And I would say most of the time, when we have a mixed judgment, we allow everybody to bear their own costs and attorney's fees on appeals. So why was this an abuse of discretion? Even if the district court happened to be wrong or we disagreed with the district court, why was this an abuse of discretion? Well, Your Honor, I believe that Mendeley, Pannerbecker, Smith, White, and McIlwain all restrict the loss, restricts the discretion, and they say where you win on some and lose on some, you're entitled to fees on all issues. And you have Webb v. Sloan in this circuit which says the same thing. But Smith definitely says you are entitled to fees on all issues if you have any success, some success on the merits, and we achieve success on the merits. Go ahead with your argument. I said you answered my question. I understand what your position is. And then you have White in which a plaintiff was awarded fees just for getting a remand to the claims administrator, and McIlwain in which a reinstatement client, and generally speaking, under Webb v. Sloan and Smith, if you have any success on the merits, you're entitled to fees on all motions won or lost. And we had success on three issues here. And they were really the only three issues at stake, because the mootness and administrative exhaustion applied, the district court applied them to all our merits issues. So we essentially won on all three issues involved in the appeal. He dismissed all claims based on mootness and administrative exhaustion. We won both of those issues. We won the mootness issue completely. We won the administrative exhaustion issue on the pension offset issue. And we had a very sound basis for our administrative exhaustion claims on the other issues. I submit that's enough to get appellate fees. Okay. Thank you, counsel. Okay. D.C., the district court? You want to go to that district court? Oh, I thought you wanted me to, Your Honor. I'm done here, really. All right. Well, we'll hear from you again. Sir? I said we will hear from you in rebuttal. Oh, no. I mean, I'm done on the appellate. I would like to say just a few words on the district court fees. The district court did not find any of the motions or issues were unrelated. It did not divide time between the time MetLife claims it first reinstated and the time after. It did not point to any specific items that it said were unnecessary. It just said we had filed. Well, that's not exactly correct. What the district court said was when you filed a summary judgment motion and you had summary judgment briefing, you didn't follow the rules, the local rules, and you set into place a memoranda which far exceeded the page limits of the local rules, and that in the court's discretion, they found that you put an excessive number of hours into the summary judgment request. They also found that you put an excessive number of hours into actually preparing for the case management hearing. And to what extent did the court abuse its discretion in making that on-the-ground analysis about whether these particular motions did not justify the number of hours that you sought to be? Well, Your Honor, I view it differently. Obviously, I wouldn't be up here. In another case, almost identical, with almost identical case management statements, the court rejected defense requests that he dismiss issues just like these. And he went down the list and he said, I'm going to remand this. If they don't give you this within 30 days, I'm going to – you can file a motion. And he held the motions, he did the remands, and he heard summary judgments. In this case, we had the same kind of case management statements. He issued an order saying these issues are too complicated. On the legal issues in these statements, you may file motions, some dispositive, some not. I invite you to file a cross motion for summary judgment and other dispositive motions. So we filed a motion to amend the complaint. And there were five or six big issues, big claims, essentially, in the case management statement. And he had also said, after the motions are filed, I'll have a case management conference if necessary to address these. But I thought your memoranda far exceeded what the local rules required. That is, the local rules said no more than 25 pages. Promotion. And yours were in excess of 90. I filed a motion and I filed five partial motions. Now, I didn't know what else to do. And there was no way to address all those issues in one motion. Oh, I see. So basically you interpreted the local rules to suggest that when it says 25 pages, you just break up the memorandum into five separate memoranda, each of 25 pages, so then you can get into 125? Is that the way? No. I expected the Court to have a case management conference and say, I'm going to entertain this, I'm not going to entertain this, just like he did in the other case. And it was much of a – and I did not think he was going to entertain all of them. They were separate and they were – he could just pick and choose. And he didn't. Okay. Thank you. We want to give you the time for rebuttal, Your Honor. We've got 2 minutes and 40 seconds left. Okay. Good morning, Your Honors. Rebecca Hull for the appellees. I would like to address right off the bat one question that seems to have gotten a little muddled here, and I think that perhaps some of the briefing on the first appeal references a remand of certain issues to the plan administrator and to the plan for resolution. But that is exactly what the district court had ordered. So in substance, what this Court did was simply confirm what the district court ordered. It was not granting any new substantive relief. And, in fact, as we pointed out when the appeal issue – excuse me, the fee issue – was initially briefed in this Court before it was transferred to the district court, that had already happened by the time the appeal occurred. So it is incorrect of the appellant to be telling this Court that she obtained substantive relief through the remand order, because that's not actually what happened. The only distinction, really, is that the district court had dismissed rather than retaining jurisdiction. But that's a procedural question, I think, is what is the vehicle by which one gets back to the district court, if necessary, after the remand. So, in effect, what we have is two procedural victories, if you will, in this Court. The victory of remanding so that the district court would award attorneys that it had denied. Right. That's a procedural question, I think. And when he won $191,000 because of that procedural remand, as you call it, he should not get compensated for having won and, as a result, having been awarded $191,000. I think he was. All he got was procedural. He didn't get $191,000 as a result. I think it is procedural, Your Honor, in the sense that there was nothing preventing him from filing a three-sentence submission to the Court in response to that, what I personally thought was just a throwaway line in the judgment, you know, all parties to bear their own fees and costs, and saying, wait a minute, Your Honor, this is a claim under a fee-shifting statute, can't we make our motion? To me, that is actually a procedural matter, and it only your argued to the appellate court last time? I'm sorry, what? Is that what you argued to the appellate court last time? I think what we don't actually remember what we argued. We didn't have oral argument. We simply had the briefs. But I think what we said was that he could have made that application to the district court anyway and didn't. That he could have brought that question to the district court at the time and didn't. But backing up a step, I still think it is a procedural question whether the court should have procedurally entertained the motion, because it didn't have anything to do with would he actually get the fees. It was only whether the court should entertain the question, and to me that's a procedural question. And as we pointed out in our brief here, that entire discussion in the plaintiff's briefs comprised approximately four pages. That was a tiny, tiny little drop in the bucket. Kennedy, it turned out not to be such a tiny, tiny drop in the bucket because he got almost $200,000 that the district court, according to our court, had denied him. I agree, Your Honor. I don't dispute that. Now, the question of how much of the fees he incurred in that appeal are attributable to that may be a different question. I think it's a vastly different question. Okay. But my point is, at best, the analysis would be that one is the case that the district court's claim that the issue was prevailed upon on appeal. One potentially substantive issue, because the question of the remand of the issues to the plan and the plan administrator is one that the district court addressed. The district court ordered that. In fact, the plaintiff disputed that on appeal. The plaintiff appealed from that part of the order, which is ironic at best, I think, for the plaintiff, Ms. Jones, the appellant here, now to be saying that, in fact, that was a great victory on appeal. She disputed that. And this Court simply confirmed the district court's order, saying that, in fact, those issues should be remanded. So that's not a victory in any sense of the word. I think that this Court's questions earlier hit the nail on the head in the district court level, however, which is, these are issues that are submitted to the district court's discretion. The district court issued probably one of the most comprehensive fee awards I've ever seen, going through every aspect, discussing all the different pieces of it, analyzing separately a lot of different questions, doing the math, figuring out what happened, how it happened, and so on. And I see nothing in what's been submitted to this Court demonstrating that the district court abused its discretion in any respect, under all the applicable standards in this Court and in the Supreme Court. The district court, I think, did a very conscientious job of trying to assess what fees were reasonably incurred, what hours were reasonably incurred, and what's the reasonable rate. And there's about two or three pages devoted to the reasonable rate. There's I don't know how many pages devoted to what were reasonable hours. The district court did not abuse its discretion. It actually awarded a very generous amount, which was promptly paid, and on any kind of holistic level, that's more than sufficient compensation, I think, for this case. Can I answer any other questions? All right. Thank you, Your Honors. With respect to the district court's judgment, Your Honor, the district court did not remand the case. It dismissed the case. We requested a remand, and Metlife continues to say, no, what he really got was a remand in the district court. We did not. We had a complete dismissal. We had asked for a remand at oral argument, and essentially, Metlife said, we've dismissed our case completely. That's not the same as a remand. So getting a remand here is winning. Getting a remand to the district court is a remand to the claims administrator. It's what we asked for originally at oral argument and what we had to appeal to get. A remand is not the same as a dismissal. But practically speaking, it makes no difference, because already the plant administrator had all of the information, and you had, I had thought, participated with the plant administrator in resolving the case. So basically, you got, whether it's a dismissal or a remand, it all went back to the plant administrator, and you worked out exactly what was owed. Isn't that right? Your Honor, you could say it's a practical matter, but in this circuit, a remand is a distinct legal issue on which you're entitled to get feedback. The question is, without this remand, what was the status of the case? When the district judge dismissed the case, were you, had you resolved this matter with the plant administrator? No, sir. What was the status? The offset matter was raised in litigation. It had never been raised before we filed suit. And the offset was $944 a month out of a, you know, $2,000 a month, essentially of this disabled lady, for 22 years. MetLife represented that, or led the court to believe it would be paid as soon as they got more information from us. That was not true. They never intended to pay it. They still haven't paid it. And, and... Well, what is the status of it? Is it, is the matter still pending before the administrator? It's before the district court now, Your Honor. They upheld the, the offset of $944 a month. Now we have to challenge that before the district court. The administrator upheld the, the offset. Yes, sir. Which was asserted by, by MetLife in litigation, not by the administrator before. And so are you now backing the district court? Yes, sir. We're, we're there on the remand. The district court remanded the claims administrator. The claims administrator upheld essentially the decision they made in litigation to assert the offset. Now we have to challenge that back before the district court again. All right. Thank you. Yes, sir. Thank you. The case is argued will be submitted. The court will take a brief recess, five or ten minutes.
judges: Sessions, Reinhardt, Thomas